# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS RODRIGUEZ, et al.,<br><br>    Plaintiffs,<br>  vs.<br><br>SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | CASE NO. 16cv3019-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiffs filed a hand-written complaint bringing numerous claims, along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel.

The Court has reviewed the motion to proceed IFP and is satisfied Plaintiffs meet the standard. The motion is therefore **GRANTED**. In Marcos Rodriguez's motion for appointment of counsel, the sole reason why Mr. Rodriguez believes he is entitled to appointment of counsel is his poverty. The motion does not mention any attorneys or legal organizations he contacted about providing low-cost or pro bono legal services, nor does it mention the possibility of a contingency fee arrangement. Instead, he apparently concluded no one would take his case because of his poverty and did not inquire further.

Plaintiffs in civil cases have no right to appointment of counsel. Under exceptional circumstances, the Court may request counsel to represent indigent civil litigants. *See*

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing 28 U.S.C. § 1915(e)(1)). Here, Mr. Rodriguez has not looked for counsel who might be willing to take his case, and has not given a good explanation why he has not. Because no extraordinary circumstances are present here, the motion is **DENIED**.

The Court will be required to screen the complaint of a plaintiff proceeding IFP, and to dismiss it to the extent it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Here, the complaint seems to be bringing a laundry list of claims. Although the caption names two other Plaintiffs, it is written entirely from Mr. Rodriguez's perspective and signed only by him. His claims, in summary are:

1. Twenty years ago someone tried to kill his baby. Someone in the Las Vegas Metro-police force apparently was involved in some way.

2. He was "stacked"[1] by the police and gang members.

3. His neighbor who lives downstairs, and his friends, are irradiating him with "WiFi Science".

4. He wants to bring all these people to court to investigate the truth.

5. He wants to find records concerning his wife's participation in a murder in Las Vegas.

6. He wants to protect his daughter.

The complaint falls far short of the standard set forth in Fed. R. Civ. P. 8(a), which requires a short and plain statement of his claim, showing that he is entitled to relief, as well as a short and plain statement of the grounds for the Court's jurisdiction. In addition, the 20-year-old claim arising from an alleged attempted murder appears to be time-barred.

The Court does not appear to have jurisdiction over these claims. The parties are not diverse, so diversity jurisdiction is out of the question. Except for the unclear claim based on police "stacking" him, none of the claims appear to arise under federal law. No basis for

---

[1] The briefing uses this term more than once, so it does not appear to be a misspelling of "stalking" or some other word. But its meaning is unclear here. "Stacking" can refer to making gang-related hand signs, but why police would be doing that to him, and what claim it gives rise to are never explained.

this Court's exercise of jurisdiction appears in the complaint. It may be that Plaintiffs have some kind of claim that can be raised in state court, but the complaint does not show why this Court can exercise jurisdiction over these claims. *See* Fed. R. Civ. P. 8(a)(1).

The caption does not comply with Fed. R. Civ. P. 10(a). It lists three Plaintiffs and no Defendants. On the civil cover sheet, Rodriguez lists the San Diego Police Department, Sgt. David Felkins, Chief of Police Shelly Zimmerman, and the "Sherif[f] of Metro Las Vegas, Nev. & Officers" as Defendants. None of these Defendants' connection with his claims is ever explained.

The complaint should have been signed by all three Plaintiffs. *See* Fed. R. Civ. P. 11(a). An unsigned pleading must be stricken unless the omission is promptly corrected. *Id*.

Finally, the handwritten complaint is barely legible, and does not comply with the Civil Local Rule 5.1(a).

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. No later than **January 10, 2017**, Plaintiffs may file an amended complaint that corrects **all** the problems this order has identified. If they do not do this within the time permitted, or if their amended complaint does not correct the problems this order has identified, the case will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: December 16, 2016

**HONORABLE LARRY ALAN BURNS**
United States District Judge